# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1471

HAROLD E. SMITH, APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   December 4, 2000 )

*Mark R. Lippman*, of La Jolla, California, was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Alicia Henning Pratz*, all of Washington, D.C., were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and GREENE, *Judges*.

GREENE, *Judge*:  Harold E. Smith, through counsel, appeals a July 16, 1999, Board of Veterans' Appeals (BVA or Board) decision that denied service connection for malignant melanoma of his left foot.  He asserts that the Board erred procedurally by not ensuring that a Board remand order to the VA regional office (RO) was complied with by the examining VA oncologist. Mr. Smith raises several other issues that need not be addressed here.  The Court has jurisdiction over the case under 38 U.S.C. §§ 7252(a) and 7266(a).  For the following reasons, the Board's decision will be vacated and the matter remanded.

## I.  FACTS

Mr. Smith served on active duty in the U.S. Army from September 21, 1966, to July 5, 1968. Record (R.) at 82.  In October 1967, an Army dermatologist opined that Mr. Smith had skin cancer and sun-damaged skin on his face, and placed him on a medical profile that required him to avoid duties requiring any exposure to the sun.  R. at 55-56.  In May 1968, a medical examination report

in conjunction with separation did not indicate abnormal skin and noted he had never had any skin diseases but that he had been advised to have a cyst removed. R. at 68-71, 78. In October 1992, Mr. Smith had a lesion removed from his left foot and a malignant melanoma was excised. R. at 102. In January 1993, he filed a claim for entitlement to service connection for skin cancer. R. at 89-92. During a June 1993 compensation and pension (C&P) medical examination, Mr. Smith told the examiner that while on active duty he had been advised to have a black mole removed from his left foot but that he did not have it removed until 1992. R. at 102.

In September 1993, the Houston, Texas, RO denied Mr. Smith's claim for service connection for skin cancer of the left foot after concluding that the condition was not manifested in service nor within one year following service. R. at 113. He filed a Notice of Disagreement (NOD), the RO issued a Statement of the Case (SOC), and he filed a Substantive Appeal with the Board. R. at 120-29, 148-49. In June 1996, the Board remanded the case to the RO and directed inter alia:

> In relation to the veteran's claim for service connection for malignant melanoma, *the veteran should be examined by specialists in dermatology and oncology.* The examiners should state an opinion on whether the malignant melanoma is related to service, and in particular, to the skin cancer and sun damaged skin that were noted in the service medical records dated in October 1967. *The veteran's claims folder should be made available to the examiners in conjunction with the examination.*

R. at 343 (emphasis added).

In January 1998, the matter was referred to a VA dermatologist who reported, "*After reviewing the file of the veteran . . . it is my opinion that his malignant melanoma is not related to service.*" R. at 461 (emphasis added). Also in January 1998, a VA oncologist reported:

> Mr. Smith has 2 cancers:
> 1. Non-melanoma skin cancers. Its cause(s) predate patient[']s joining service. It manifested soon after he joined service. It is related to sun exposure but not in the short duration as Mr. Smith had in service.
> 2. Melanoma of skin of sole of foot. It is related to sun exposure but less so than non-melanoma skin cancer that preceded melanoma. Personal susceptibility play an important role in its occurrence. Again duration of exposure and intensity of exposure are determinant of its development.
> None of the above skin cancers in this patient appear to be related to service.

R. at 462. However, the oncologist made no reference to reviewing the claims folder, and neither doctor indicated that he had examined Mr. Smith. Based upon these opinions, the RO issued a Supplemental SOC that again denied the claim. R. at 472-76.

In July 1999, the Board, relying on the dermatologist and oncologist reports, denied Mr. Smith's claim for service connection for malignant melanoma of the left foot. R. at 1-14. This appeal followed.

## II. APPLICABLE LAW AND ANALYSIS

On appeal, Mr. Smith contends that the Board erred by rendering a decision in his case before the RO had complied with the remand instructions. Essentially, he argues that the remand order to provide him an examination and to review his claims file has not been fully complied with. In response, the Secretary argues that "[t]here is a presumption of regularity under which it is presumed that government officials have properly discharged their official duties." Therefore, the Secretary contends, it should be presumed that the RO complied with the remand order.

In *Stegall v. West*, 11 Vet.App. 268, 271 (1994), this Court held that the Board's remand of a matter to the RO confers on the claimant, as a matter of law, the right to compliance with that remand order. Further, such remands impose upon the Secretary a concomitant duty to ensure compliance with the terms of the remand. *Id.* It is clear from these mandates that the Secretary is responsible for ensuring the proper execution and administration of all laws administered by VA and that holdings of this Court are precedent to be followed. *Stegall, supra.*

Turning to the events in this case, the Board denied Mr. Smith's claim after relying upon the reports by the dermatologist and oncologist. However, a Board's decision that relies upon a medical examination that failed to comply with remand instructions will result in a *Stegall* violation and require a remand. *See Stegall, supra.* Nowhere in its decision does the Board address or discuss compliance with its remand order. Although the Board relies upon the medical opinions in question, the Court notes that neither revealed whether Mr. Smith was given an *examination* by either specialist as required by the remand order. Further, only the dermatologist reports that he reviewed Mr. Smith's claims file.

The Secretary's position that under the doctrine of administrative regularity it may be presumed that the doctors conducted the examination and the oncologist reviewed the claims file is misplaced and must be rejected. The Secretary cannot rely on the presumption of regularity in this case to show compliance with the remand instructions because there has been no showing that VA has uniform procedures for the administrative processing of remanded claims for which specialized medical examinations have been requested and for which the claims file has been directed to be made available to the examiners. VA, of course, through its General Counsel, Compensation & Pension Director, and the Veterans Health Administration, could endeavor to establish simple templates or procedures that could ensure compliance with even the most complex of remand orders, including procedures establishing that when VA examiners receive special directions to examine a veteran and to conduct a medical review of a veteran's claims file, they would clearly note that these requirements have been complied with. Such procedures could require that examiners comply with the specific instructions of the remand in order to form the basis for their medical opinions. In other words, the Secretary could develop specific measures to meet *Stegall's* requirement of compliance with remand orders.

Here, however, there has been no showing that such procedures exist. Therefore, without such procedures, the Secretary's position ignores the *Stegall* directive that a remand order confers upon the claimant the right to compliance with remand orders and that the Secretary has the burden of ensuring compliance. To accept such an argument in the absence of established procedures would allow the Secretary to abrogate his *Stegall* duty. The administrative regularity presumption is interpreted to encompass regular acts performed in the ordinary course of government business. *See YT v. Brown*, 9 Vet.App. 195 (1996); *see also* BLACK'S LAW DICTIONARY 356 (7th ed. 1999) (defining ordinary course of business as "[t]he normal routine in managing a trade or business"). If the act is not a regular one but is irregular, the Secretary is not entitled to the presumption. *See Warfield v. Gober*, 10 Vet.App. 483, 486 (1997); *see also United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 1983) ("The presumption [of official regularity may also] operate[] in reverse. If [the act] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary"). Accordingly, the Court will vacate the Board's decision and remand the matter to ensure that Mr. Smith is afforded his right to compliance with the remand order.

4

### III. CONCLUSION

On consideration of the foregoing, the Court holds that the Board committed legal error that warrants remand. Accordingly, the Board's July 16, 1999, decision is VACATED and the matter REMANDED to the Board for further proceedings consistent with this opinion and in accordance with all applicable statutes and regulations, and issuance of a decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Board shall proceed expeditiously in accordance with section 302 of the Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by Board or Court). *See Drosky v. Brown*, 10 Vet.App. 251, 257 (1997); *Allday v. Brown*, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant may submit additional evidence and argument on the remanded claim, including the additional issues that the appellant has submitted to this Court. *See Kutscherousky v. West*, 12 Vet.App. 369 (1999) (per curiam order). The Court reiterates that a remand by this Court or by the Board confers on an appellant the right to VA compliance with the remand order and imposes on the Secretary a concomitant duty to ensure compliance with the terms of such an order. *See Stegall, supra.*